**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NORMAN IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:13-cv-384 |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| TP-LINK TECHNOLOGIES CO., | § | |
| | § | |
| Defendant. | § | |

## <u>ORIGINAL COMPLAINT</u>

Norman IP Holdings, LLC ("Norman"), by and through its attorneys, for its Original Complaint against Defendant TP-LINK Technologies, Co. ("TPL" or "Defendant"), hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff Norman's patented inventions.

2. Norman is owner of all right, title, and interest in and to United States Patent No. 5,592,555 (the "'555 Patent"), issued January 7, 1997, for "Wireless Communications Privacy Method and System" (also referred to hereinafter as the "Patent"). A true and correct copy of the Patent is attached hereto as Exhibit 1.

3. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing

products and services by others, including their customers, who directly infringe the Patent.

4. Plaintiff Norman seeks injunctive relief to prevent Defendant from continuing infringement of Plaintiff's valuable patent rights. Plaintiff Norman further seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patent.

5. This is an exceptional case, and Norman is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II. THE PARTIES

6. Plaintiff Norman is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 E. Ferguson, Suite 900, Tyler, Texas 75702.

7. Upon information and belief, TP-LINK Technologies Co. is a California corporation with its principal place of business located at 117 N. Sunset Avenue, City of Industry, California 91744. Upon information and belief, TP-LINK Technologies Co. is authorized to do business in Texas and has appointed Feng Xu, 117 N. Sunset Avenue, City Of Industry, California 91744 as its agent for service of process.

## III. JURISDICTION AND VENUE

8. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

## IV. PLAINTIFF'S PATENT

10. The '555 Patent discloses a system and method for processing and securing

communication signals over a wireless communications network. An enciphering algorithm may be programmatically selected and applied to the signals for secure transmission.

11. Norman has obtained all substantial right and interest to the Patent, including all rights to recover for all past and future infringements thereof.

## V. LICENSING RELATED TO THE PATENT

12. On February 1, 2010, Saxon Innovations, LLC ("Saxon") assigned to Norman IP Holdings LLC all right, title, and interest in the Patent.

13. Norman's business includes acquisition and licensing of intellectual property. In that regard, Norman and its predecessors in interest have licensed the Patent to dozens of Fortune 500 companies, directly and indirectly. Norman has also entered into numerous settlement agreements in connection with litigation in the Eastern District of Texas and in the International Trade Court.

## VI. DEFENDANT'S ACTS

14. TPL manufactures, provides, sells, offers for sale, and/or distributes infringing systems. Examples of infringing products include TPL's wireless routers, adapters, and access points with wireless functionality compliant with IEEE 802.11 security standards (*e.g.*, those incorporating Realtek wireless chipsets); and all substantially similar products. With knowledge of the Patent, TPL provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

15. With respect to the '555 Patent, TPL intentionally implements relevant provisions of the IEEE 802.11 specification. TPL specifies wireless controllers that are compliant with IEEE 802.11. The subject controllers are designed and manufactured to operate in a manner which infringes the '555 Patent during normal operation. TPL installs those controllers so as to

operate in an infringing manner. The infringing controllers have no substantial non-infringing uses.

16. TPL has had knowledge of the Patent at least since its having been served written notice on April 3, 2013.

17. With knowledge of the Patent, TPL has provided and continues to provide related services, specifications, and instructions for the installation and infringing operation of such systems to the customers of its products, who directly infringe through the operation of those products.

18. With knowledge of the Patent, TPL has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by customers in the Eastern District of Texas.

19. Through its actions, TPL has infringed the ’555 Patent and actively induced others to infringe and contributed to the infringement by others of the ’555 Patent throughout the United States.

20. Norman has been and will continue to suffer damages as a result of Defendant TPL’s infringing acts unless and until enjoined.

## VII. WILLFULNESS

21. Plaintiff Norman alleges upon information and belief that Defendant TPL has knowingly or with reckless disregard willfully infringed the Patent. Defendant was been provided written notice of infringement of the Patent on April 3, 2013. Defendant acted with knowledge of the Patent and despite an objectively high likelihood that their actions constituted infringement of Norman’s valid patent rights.

22. This objectively-defined risk was either known or so obvious that it should have

been known to Defendant. Norman seeks enhanced damages pursuant to 35 U.S.C. § 284.

**COUNT ONE**

**PATENT INFRINGEMENT—U.S. PATENT NO. 5,592,555**

23. Plaintiff Norman realleges and incorporates herein paragraphs 1–22.

24. Defendant has infringed the ’555 Patent.

25. Defendant has indirectly infringed the ’555 Patent by inducing the infringement of the ’555 Patent and contributing to the infringement of the ’555 Patent.

26. Upon information and belief, Defendant has jointly infringed the ’555 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

27. Defendant’s aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## VII. JURY DEMAND

28. Plaintiff Norman hereby demands a jury on all issues so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norman respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the Patent literally and/or under the doctrine of equivalents;

B. Permanently enjoin Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patent;

C. Award Plaintiff Norman past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the

amount found or assessed in accordance with 35 U.S.C. §284;

D. Declare this case exceptional pursuant to 35 U.S.C. §285; and

E. Award Plaintiff Norman its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: May 10, 2013

By: /s/ Andrew G. DiNovo

Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Chester J. Shiu
Texas State Bar No. 24071126
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627