### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| NORMAN IP HOLDINGS, LLC, *Plaintiff*, v. TP-LINK TECHNOLOGIES, CO., *Defendant*. | No. 6:13-cv-384 LED-JDL LEAD CASE |
| NORMAN IP HOLDINGS, LLC, *Plaintiff*, v. CRESTRON ELECTRONICS, INC., *Defendant*. | No. 6:13-cv-394 LED-JDL CONSOLIDATED CASE |

### DEFENDANT CRESTRON ELECTRONICS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. PROC. 12(b)(1) and 12(b)(6)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ................................................................................................................... 4

I.      NORMAN'S CLAIMS WITH RESPECT TO THE '689 PATENT SHOULD BE
        DISMISSED IN THEIR ENTIRETY BECAUSE NORMAN CANNOT OBTAIN
        EITHER MONETARY OR INJUNCTIVE RELIEF ........................................................ 4

        A.      Given The Expiration Of The '689 Patent And The Notice Requirements Of
                35 U.S.C. § 287, Norman Cannot Obtain Monetary Relief For Its Allegations
                Of Infringement ................................................................................................5

        B.      Norman Cannot Obtain Injunctive Relief ................................................................7

II.     NORMAN'S CLAIM FOR INDUCED INFRINGEMENT SHOULD BE
        DISMISSED ............................................................................................................ 7

III.    NORMAN HAS NOT ADEQUATELY PLED A CLAIM FOR CONTRIBUTORY
        INFRINGEMENT...................................................................................................... 10

        A.      Norman Has Not Alleged That Crestron Supplies Components That Are A
                Material Part Of The Alleged Invention ............................................................. 10

        B.      Norman Has Not Alleged That Crestron Knew Of Any Allegedly Infringing
                Combinations .................................................................................................. 11

        C.      Norman Has Not Alleged That Crestron Supplies Components That Have No
                Substantial Non-Infringing Uses........................................................................ 12

IV.     NORMAN HAS NOT ADEQUATELY PLED CLAIMS FOR JOINT
        INFRINGEMENT...................................................................................................... 12

V.      NORMAN HAS NOT ADEQUATELY PLED CLAIMS FOR WILLFUL
        INFRINGEMENT AND ENHANCED DAMAGES ......................................................... 14

CONCLUSION................................................................................................................. 15

i

### TABLE OF AUTHORITIES

### CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307-1308 (Fed. Cir. 2012) (en banc) ......................................................................................................... 13

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-720-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ........................................................................................ 10

*Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2011 WL 2601043, at *5 (W.D. Pa. June 30, 2011) .......................................................................................... 11

*Am. Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) .................... 6

*Apple, Inc. v. Motorola, Inc.*, 869 F.Supp.2d 901, 923-924 (N.D. Ill. 2012) .......................... 1, 5, 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... passim

*Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985) ..................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 4, 12, 14

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) .......................................................................................................... 15

*Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1286-87 (Fed. Cir. 2011) .......................................................................................................... 13

*Commil USA, LLC v. Cisco Sys., Inc.*, 2012-1042, 2013 WL 3185535, at *4 (Fed. Cir. June 25, 2013) ............................................................................................................. 8

*Desenberg v. Google, Inc.*, 392 Fed. App'x 868, 871 (Fed. Cir. 2010) .......................................... 13

*Driessen v. Sony Music Entm't*, No. 2:09-cv-0140-CW, 2012 WL 5293039, at *8-9 (D. Utah Oct. 23, 2012) .......................................................................................................... 12, 13

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ........................................ 8, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ....................................... 8

*Halton Co. v. Streivor, Inc.*, C 10-00655 WHA, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) .......................................................................................................... 11

*Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998) .............................................. 5

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337
(Fed. Cir. 2012)......................................................................................................4, 8, 12

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) .................................................14

*InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL
3283371, at *4 (E.D. Tex. Aug. 10, 2012).................................................................14, 15

*Jordan v. Sosa*, 654 F.3d 1012, 1026-27 (10th Cir. 2011) ............................................................5

*Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ...................................5, 7

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) ........................10, 11

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).....................................................6

*Minkus Elec. Display Sys., Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 WL
941197, at *3 (D. Del. Mar. 16, 2011)..............................................................................9

*Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-1-92-LPS, 2013 WL 571798, at *3 (D.
Del. Feb. 13, 2013) .........................................................................................................13

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-00366-MHS-JDL, slip
op. at 8 (E.D. Tex. Feb. 7, 2013) ....................................................................................14

*Via-Mix Corp. v. Vasic Holdings, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009)............................12

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003)..............................9

## STATUTES

Fed. R. Civ. P. 8(a)(2).........................................................................................................4, 11, 15

Fed. R. Civ. P. 12(b)(1).............................................................................................................1, 15

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 2, 15

35 U.S.C. § 154(c)(1)......................................................................................................................5

35 U.S.C. § 271(b) ..........................................................................................................................7

35 U.S.C. § 283................................................................................................................................7

35 U.S.C. § 287(a) ...................................................................................................................1, 5, 6

## INTRODUCTION

Defendant Crestron Electronics, Inc. ("Crestron") respectfully moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for partial dismissal of Plaintiff Norman IP Holdings LLC's ("Norman") claims of infringement.  Norman claims that Crestron infringes two patents, U.S. Patent Nos. 5,502,689 ("the '689 patent") and 5,592,555 ("the '555 patent").  The claims relating to the '689 patent should be dismissed in their entirety.  The '689 patent expired two months before this lawsuit was filed, thereby eliminating any possibility of injunctive relief.  Further, based on Norman's pleadings, there is no possibility of damages.  Under 35 U.S.C. § 287(a), a patentee can only recover past damages if it has provided either constructive notice of its patent by properly marking its products (and those of its licensees) with the patent number, or actual notice of its patent to an accused infringer.

Constructive notice must be affirmatively pled, and Norman does not plead that it and its licensees have been marking their products in accordance with § 287(a).  Norman feebly attempts to plead actual notice by alleging that it "served" Crestron with notice of the patent *the day before it expired*.  This service however was via a letter to Crestron sent by mail, and nowhere does Norman allege that Crestron actually received the letter before the '689 patent expired.  Given the expiration of the '689 patent on March 26, 2013, and Norman's failure in its Complaint to plead actual notice and/or marking of the '689 patent prior to its expiration, Norman cannot obtain any monetary or injunctive relief against Crestron.  Absent the ability to obtain any relief against Crestron, Norman's claims must be dismissed for lack of federal subject matter jurisdiction pursuant to FRCP 12(b)(1).  *Apple, Inc. v. Motorola, Inc.*, 869 F.Supp.2d 901, 923-924 (N.D. Ill. 2012).

In addition, with respect to both the '689 and '555 patents, Norman fails to allege facts

sufficient to support its claims for induced, contributory, joint, or willful infringement.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Norman's pleadings are devoid of factual content with respect to Crestron's alleged induced, contributory, joint, and willful infringement, and do not permit the Court to draw a reasonable inference that Crestron is liable for this alleged misconduct.  As such, these claims should be dismissed for failure to state a claim pursuant to FRCP 12(b)(6).

Norman's claims for induced infringement cannot survive because Norman does not allege that Crestron acted with the specific intent necessary to sustain those claims.  Intent is a necessary element of these claims and failure to plead them is fatal.  The allegations of infringement in this case relate to the internal design and operations of microprocessors and communications controller circuits.  Norman alleges that Crestron infringes because its products allegedly contain processors and chipsets that infringe the patents-in-suit.  Those processors and chipsets were made by others, however, a fact which is acknowledged in the Complaint.  (*See* Complaint at ¶ 15 (accused processors and chipsets are identified by manufacturer name).)

Norman's claims for contributory infringement fail because Norman does not identify the components it accuses Crestron of supplying to a third party, nor the combinations into which the third party is allegedly incorporating the components.  Nor has Norman provided any factual basis for asserting that the (unidentified) components have no substantial noninfringing uses.  Norman appears to merely rely upon its allegations of direct infringement as support for its additional claim of contributory infringement.  (Complaint at ¶¶ 15-17 and 21.)  Such allegations fail to account for the additional facts necessary to support a claim of contributory infringement and are legally deficient.

2

Likewise, Norman's claims for joint and willful infringement should be dismissed because Norman has not pled any facts upon which a reasonable inference could be drawn that Crestron is liable for this alleged misconduct.  Norman does not identify any third parties that Crestron jointly committed infringement with, let alone specify how they are under Crestron's direction or control.  Norman's claim of willful infringement merely recites the legal elements of this claim without providing any supporting facts.  Norman's willfulness claim is especially egregious with respect to the '689 patent, a patent for which Crestron is somehow alleged to have willfully infringed even though Crestron was unaware of the patent until after it expired.

## STATEMENT OF FACTS

There are two patents at issue in this litigation.  Both are generally directed to the internal components and operations of microprocessors.  The '689 patent relates to clock driven electrical systems within a microprocessor and, more specifically, procedures for stopping a microprocessor's clock signal as a means of reducing power consumption.  The '555 patent relates to the signal processing, encryption, and programmable selection of enciphering algorithms within a communications controller circuit.

Norman alleges infringement of the patents-in-suit based on chipsets and microprocessors "embedded" within Crestron's products; the precise design and functionality of which is known only to the manufacturers of the microprocessors.  (Complaint at ¶¶ 15-16.)  Indeed, it is apparent from Norman's allegations, which have been asserted nearly verbatim against multiple defendants in concurrent proceedings before this Court, that the particular application for which a processor is used is entirely irrelevant to Norman's claims of infringement.  For example, Norman asserts that Crestron infringes the '689 patent because its "wireless touch screen devices" allegedly "incorporate[] Freescale and Ember wireless chipsets" and because other

unidentified Crestron "products" have "embedded processors (*e.g.*, ARM9, ARM11, Cortex-A and Cortex-M, PowerPC, or MIPS32)."  (Complaint at ¶ 15.)   Norman has asserted very similar allegations in other cases pending before this Court against such disparate products as Zebra Technologies' "wireless printers", Emerson's "thermostats", Mercedes Benz's "infotainment and navigation systems", and Bose's "wireless speakers, headsets and adaptors"[1] – all based solely on the design and functionality of the microprocessors allegedly contained in those products.

## ARGUMENT

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the Supreme Court's holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. 662, Norman must plead sufficient factual allegations to show that it is plausibly entitled to relief.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57).  Claims of indirect infringement (induced and contributory) must comply with the pleadings requirements of *Twombly* and *Iqbal*.  *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("[W]e must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.").

## I.     NORMAN'S CLAIMS WITH RESPECT TO THE '689 PATENT SHOULD BE DISMISSED IN THEIR ENTIRETY BECAUSE NORMAN CANNOT OBTAIN EITHER MONETARY OR INJUNCTIVE RELIEF

Norman cannot obtain either monetary or injunctive relief against Crestron for the alleged

---

[1] *See, e.g., Norman IP v. Holdings, LLC v. Zebra Technologies Corp.*, Civ. No. 6:13-cv-396, Complaint at ¶ 16; *Norman IP v. Holdings, LLC v. Emerson Electric Co.*, Civ. No. 6:13-cv-399, Complaint at ¶ 16; *Norman IP v. Holdings, LLC v. Mercedes-Benz USA, LLC*, Civ. No. 6:11-cv-495, Sixth Amended Complaint at ¶ 23; and *Norman IP v. Holdings, LLC v. Bose Corporation*, Civ. No. 6:13-cv-386, Complaint at ¶ 15.

infringement of the now expired '689 patent.  Absent the availability of tangible relief, this Court lacks subject matter jurisdiction over Norman's claims, and those claims must be dismissed in their entirety.  *Apple, Inc.*, 869 F.Supp.2d at 923-924 ("when the court has determined that neither party could obtain monetary or injunctive relief against the other, as in this case, a declaratory judgment in favor of either party would confer no tangible benefit on the victor and so there would be no federal subject-matter jurisdiction"); *citing Jordan v. Sosa*, 654 F.3d 1012, 1026-27 (10th Cir. 2011) and *Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998); *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("Because Uniboard's licensees did not mark their products and because Uniboard did not inform Computer Companies of infringement before expiration of the '986 patent, § 287 prevents Uniboard from collecting damages from the Computer Companies.  Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent.  Thus the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted").

> **A.      Given The Expiration Of The '689 Patent And The Notice Requirements Of 35 U.S.C. § 287, Norman Cannot Obtain Monetary Relief For Its Allegations Of Infringement**

The '689 patent issued March 26, 1996, and claims priority to a July 21, 1992 application.  In view of this, the '689 patent expired pursuant to 35 U.S.C. § 154(c)(1) on March 26, 2013 – nearly two months prior to the filing of Norman's Complaint.  As a result, the '689 patent is no longer enforceable and Crestron can only be found to have infringed the patent, if at all, prior to the expiration date of March 26, 2013.   However, Norman is statutorily prohibited from recovering damages against Crestron for such past infringement if: (1) Norman or its licensees failed to properly mark products covered by the patent; and (2) Crestron was not otherwise notified of the alleged infringement:

> In the event of failure so to mark, no damages shall be recovered by the patentee
> in any action for infringement, except on proof that the infringer was notified of
> the infringement and continued to infringe thereafter, in which event damages
> may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287(a).

As summarized by the Federal Circuit, Section 287(a) defines that a patentee "is entitled to damages from the time when it either began marking its product in compliance with section 287(a) or when it actually notified [the accused infringer] of its infringement, whichever is earlier." *Am. Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). Moreover, Section 287(a) of Title 35 places on the patentee not only the burden of ultimately proving notice through either marking or otherwise, but also the burden of affirmatively pleading such notice in its Complaint. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (the patentee "had the burden of pleading and proving at trial that she complied with the statutory requirements [of Section 287(a)]").

Here, Norman fails to allege marking at all.  Nowhere in its Complaint does Norman allege that any products covered by the '689 patent produced by itself or its licensees were properly marked under 35 U.S.C. § 287(a).  With respect to actual notice, Norman alleges only that Crestron was "provided written notice of infringement of the Patents on March 25, 2013" – just one day prior to the '689 patent's expiration on March 26, 2013.  (Complaint at ¶ 23.) Assuming Crestron actually received the notice on March 25, 2013, which Norman does not allege, this would give rise to a one-day window of damages for the '689 patent.  Thus, even assuming actual receipt, the claim should be dismissed as *de minimus*.

Norman, however, carefully avoids describing the details of the alleged written notice because such details would be fatal to its claims.  Norman fails to attach the alleged written notice, and fails to allege that the notice was actually received by Crestron on March 25, 2013,

rather than merely mailed on that date by Norman.  (The notice was in fact a letter to Crestron, which was mailed (not received) on March 25, 2013).  Having failed to allege actual notice by Crestron of its alleged infringement prior to the expiration date of the '689 patent, Norman cannot show entitlement to damages for Crestron's alleged infringement.  *Lans*, 252 F.3d at 1328.

###    B.    Norman Cannot Obtain Injunctive Relief

The patent statute further provides injunctive relief to protect the patentee against future infringement of an enforceable patent.  35 U.S.C. § 283; *Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985).  With the '689 patent now expired, Norman, of course, cannot obtain injunctive relief with respect to this patent.[2] *Lans*, 252 F.3d at 1328.

Given that Norman cannot obtain either injunctive or monetary relief against Crestron with respect to alleged infringement of the '689 patent, this Court lacks subject matter jurisdiction over those claims.  *Apple, Inc.*, 869 F.Supp.2d at 923-924; *see also Lans*, 252 F.3d at 1328 (affirming district court dismissal of infringement claims brought on an expired patent for which there had been no constructive or actual notice).  Accordingly, Crestron respectfully asks that Norman's infringement claims under the '689 patent be dismissed in their entirety.

## II.    NORMAN'S CLAIM FOR INDUCED INFRINGEMENT SHOULD BE DISMISSED

Under 35 U.S.C. § 271(b), a claim for induced infringement requires a plaintiff to show that, among other things, the defendant had the specific intent to induce a third party to infringe

---

[2] Notwithstanding the prior expiration of the '689 patent, Norman asks in its Complaint that Crestron be "permanently enjoin[ed] … in acts of infringement" of the '689 patent.  (Complaint at Prayer for Relief).  Norman further alleges that Crestron's alleged infringement of the '689 patent "ha[s] caused damage to Norman and *will continue to do so unless and until enjoined.*" (*Id.* at ¶29) (emphasis added).  Norman's request for injunctive relief with respect to a patent that expired nearly two months prior illustrates the carelessness with which Norman has brought its claims against Crestron in this case.  For the reasons provided above, Norman has no basis for requesting such relief.  In the event Norman's claims of infringement of the '689 patent are not dismissed in their entirety, Crestron respectfully requests that the Court dismiss Norman's request for injunctive relief.

the asserted patent.  *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  To

establish specific intent, a plaintiff must come forward with "evidence of culpable conduct,

directed to encouraging another's infringement, not merely that the inducer had knowledge of the

direct infringer's activities."  *Id.* at 1305.  In other words, a party can only be liable for induced

infringement if it knew that the induced acts constituted patent infringement.  *See Global-Tech

Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under §

271(b) requires knowledge that the induced acts constitute patent infringement"); *see also

Commil USA, LLC v. Cisco Sys., Inc.*, 2012-1042, 2013 WL 3185535, at *4 (Fed. Cir. June 25,

2013) (eliminating "should have known" standard for induced infringement).  Norman's

complaint must therefore contain facts plausibly showing that Crestron specifically intended its

customers to infringe the asserted patents and knew that its customer's acts constituted

infringement.  *In re Bill of Lading*, 681 F.3d at 1333.

        Here, Norman fails to allege facts specific enough to draw a reasonable inference that

Crestron knowingly induced others to infringe the patents.  The patents-in-suit involve highly

technical aspects of internal microprocessor operations, and there is no allegation or any

reasonable basis to infer that Crestron has knowledge of them.  Crestron did not design the

accused microprocessors and was not involved in their manufacture, and there are no allegations

to this effect.  Rather, Crestron is alleged only to have incorporated finished microprocessors into

their products.  Norman does not allege (and there is no plausible basis for inferring) that

Crestron knew, for example, the protocols in a microprocessor for stopping a clock generator

(the '689 patent); or how "enciphering algorithms" are selected within a communications

controller circuit (the '555 patent).

        Unable to allege that Crestron was knowledgeable about the allegedly infringing aspects

of the accused microprocessors, Norman instead asserts that Crestron acted with specific intent because it "intentionally implements" the "IEEE 802.11 specification"  and "specifies" use of "certain power consumption characteristics."  (Complaint at ¶¶ 16-17.)  Even assuming the truth of these allegations for the purposes of this motion, the allegations do not show that the Crestron was aware of the allegedly infringing internal aspects of the accused microprocessors.

Norman does not (and cannot) allege that Crestron knew that IEEE 802.11-compliant chipsets infringe the patents-in-suit.  Nor can Norman plausibly allege that Crestron knew that the microprocessors in their products infringe merely because Crestron allegedly specified "power consumption characteristics" for their products.  Specification of general power consumption characteristics does not give rise to a plausible inference that Crestron was aware of the clock-stopping protocol requirements that allegedly infringe the patents-in-suit.  To the contrary, such design details constitute highly-guarded trade secrets of chipmakers, such as Freescale and Ember, who have not been sued by Norman.

Just as the plaintiff in *Iqbal* was unable to allege facts to support his legal conclusion that the defendants had specific intent to violate his constitutional rights, Norman has not alleged facts from which the Court can reasonably infer that Crestron specifically intended to induce others to infringe the patents-in-suit.

Moreover, it is well established that mere notice of alleged infringement before the filing of a complaint does not satisfy the pleading requirements of inducement.  *See, e.g., Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003); *Minkus Elec. Display Sys., Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011) (finding insufficient "allegations of knowledge were merely that "[d]efendan[s] [] had actual notice of infringement of the '174 patent before the filing of this complaint").  Instead,

Norman's Complaint must establish sufficient facts to show that Crestron knew that the accused microprocessors actually infringe the patents-in-suit by including the particular features and functionality claimed in the patents.  *DSU Medical*, 471 F.3d at 1305.

Here, Norman provides no factual support for its allegation of written notice, such as a copy of the notice itself.  Rather, Norman relies on its barebones allegation that Crestron knew of the existence of the patents prior to the filing of the complaint, from which it seeks to infer (without factual basis) that Crestron had detailed knowledge of the design and internal operation of the accused microprocessors (which were supplied by third parties) and specific knowledge of accused infringement.  This is insufficient, as a matter of law, to state a claim for inducement.

## III.   NORMAN HAS NOT ADEQUATELY PLED A CLAIM FOR CONTRIBUTORY INFRINGEMENT

To state a claim for contributory infringement Norman must allege, among other things, that (1) Crestron supplied components that are a "material part" of the allegedly infringing products; and (2) that Crestron "knew that the combination for which its components were especially made was both patented and infringing"; and (3) that Crestron's components have no substantial non-infringing uses.  *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-720-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011).  Norman's Complaint lacks any factual allegations to support these elements.

### A.   Norman Has Not Alleged That Crestron Supplies Components That Are A Material Part Of The Alleged Invention

Norman's Complaint does not contain any factual allegations showing that Crestron has supplied components that are a material part of an allegedly infringing product.  Indeed, Norman has not even made "threadbare" recitations or "mere conclusory statements" concerning this key element of a contributory infringement claim.  *Iqbal*, 556 U.S. at 678.  For example, Norman

does not identify the components that Crestron is allegedly supplying, nor the infringing combination in which those components are allegedly incorporated.  Such dearth of any allegations cannot satisfy Rule 8.  *See, e.g., Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2011 WL 2601043, at *5 (W.D. Pa. June 30, 2011) (dismissing contributory infringement claim because plaintiff did not allege that defendant's component was a material part of the alleged inventions); *Halton Co. v. Streivor, Inc.*, C 10-00655 WHA, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (same).

Rather than identifying components that Crestron is supplying to third parties for use in an infringing combination, Norman argues that the "components" for the purposes of its contributory infringement claims are the processors *within* the Crestron's own products.  While identification of an allegedly infringing product may be sufficient to state a claim for direct infringement consistent with Form 18, such allegations are not sufficient to state a claim for contributory infringement. *See, e.g., Halton*, 2010 WL 2077203, at *2 ("As the excerpts from the complaint illustrate, there was no allegation by plaintiff that the accused commercial kitchen product was a 'component of a patented machine ... constituting a material part of the [patented] invention' or that the accused product was not capable of 'substantial non-infringing use.' Nothing alleged in the complaint fits the theory of contributory infringement.") (internal citation omitted).

**B.      Norman Has Not Alleged That Crestron Knew Of Any Allegedly Infringing Combinations**

Similar to claims for induced infringement, claims for contributory infringement require a plaintiff to allege facts that provide a plausible basis for finding that the defendant "knew that the combination for which its components were especially made was both patented and infringing." *Lucent*, 580 F.3d at 1320.  As noted above, Norman does not and cannot allege that Crestron

knew that it was supplying a component for an infringing combination because Crestron was not involved in the design, development, or manufacture of the accused microprocessors.

### C.      Norman Has Not Alleged That Crestron Supplies Components That Have No Substantial Non-Infringing Uses

Norman's Complaint does not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.  Rather, the Complaint merely provides the conclusory allegations that the "infringing systems have no substantial non-infringing uses" (*see* Complaint at ¶ 16), and that the "infringing controllers have no substantial non-infringing uses" (*see* Complaint at ¶ 17).[3]  These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  A pleading that offers a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 557.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678.  Plaintiff's bare-boned assertions of no substantial non-infringing use is woefully insufficient. *See Driessen v. Sony Music Entm't*, No. 2:09-cv-0140-CW, 2012 WL 5293039, at *8-9 (D. Utah Oct. 23, 2012) (A "naked assertion devoid of further factual enhancement . . . standing alone, it cannot 'unlock the doors of discovery for Plaintiffs'").

## IV.      NORMAN HAS NOT ADEQUATELY PLED CLAIMS FOR JOINT INFRINGEMENT

Norman also makes the conclusory allegation that Crestron has "jointly infringed" the patents-in-suit by "controlling and/or directing others to perform one or more of the claimed method steps."  (Complaint at ¶¶ 28 and 33.)  However, Norman does not include a *single* factual allegation to support this claim.  Norman does not identify the "others" who allegedly perform

---

[3] A substantial non-infringing use is any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Via-Mix Corp. v. Vasic Holdings, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

the method steps, nor indicate what actions Crestron has taken to "direct" or "control" the actions of the "others."

A claim of joint infringement requires pleading either that Crestron induced a third party to perform additional steps of a claimed method not performed directly by Crestron, or that Crestron caused a third party to act under Crestron's direction or control to perform the method steps. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307-1308 (Fed. Cir. 2012) (en banc). Here, Norman does neither.

First, Norman's Complaint does not even identify the specific method claims Crestron allegedly infringes, instead naming two patents without any indication of which claims of each of those patents Crestron allegedly infringes. (Complaint at ¶¶ 26-28 and 31-33.) Second, the Complaint identifies neither the specific "others" allegedly performing certain steps of the unidentified method claims, nor any particular actions Crestron has taken to "direct or control" the unspecified "others." *See, e.g.*, *Driessen*, 2012 WL 130412, at *1-2 (dismissing claim that "failed to allege which Defendant took which action, under each element of each claim").

To the extent that Norman seeks to contend that Crestron's "customers" are identified in the Complaint, Norman fails to provide any factual support that (1) Crestron knew its customers were infringing the asserted patents (*see supra* Part II), or (2) Crestron exercised "direction or control" over its customers under some agency relationship. *See Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-1-92-LPS, 2013 WL 571798, at *3 (D. Del. Feb. 13, 2013); *see also Akamai Techs.*, 692 F.3d at 1307. In fact, Norman cannot do so because the customers who purchase Crestron products are not Crestron's agents or otherwise under its "direction or control." *See Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1286-87 (Fed. Cir. 2011); *Desenberg v. Google, Inc.*, 392 Fed. App'x 868, 871 (Fed. Cir. 2010).

Accordingly, this Court should dismiss Norman's insufficiently pled joint infringement claims.

## V.   NORMAN HAS NOT ADEQUATELY PLED CLAIMS FOR WILLFUL INFRINGEMENT AND ENHANCED DAMAGES

Norman has also accused Crestron of willful infringement for which it seeks enhanced damages, without pleading any facts in support of that claim. (Complaint at ¶ 23-24.)  "To establish a claim for willful infringement, a plaintiff must demonstrate infringement as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known the risk."  *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

Here, Norman vaguely alleges that Crestron was served written notice of alleged infringement of the asserted patents prior to the filing of the complaint.  (Complaint at ¶ 23.) Based on this apparent written notice, Norman alleges that Crestron "acted with knowledge of the Patents and despite an objectively high likelihood that their actions constituted infringement of Norman's valid patent rights."  (*See id.*)  Instead of providing facts that would support its contention, Norman simply parrots the elements of a claim of willful infringement.  Merely reciting the legal elements of a claim is unequivocally insufficient, however.  *Iqbal*, 556 U.S. at 678.

Norman is required under *Twombly* and *Iqbal* to recite specific facts to support its allegations.  *See id.*; *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-00366-MHS-JDL, slip op. at 8 (E.D. Tex. Feb. 7, 2013) (Love, M.J.) (dismissing willful-infringement claim when "devoid of any facts that create an inference of Yamaha's objective

recklessness" and "only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe"); *InMotion Imagery Techs.*, 2012 WL 3283371, at *4; *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (dismissing willful-infringement claim for failure to provide sufficient facts "even under the liberal pleading standards of [Rule 8]").  Norman's attempt to escape its pleadings requirements by simply claiming, without providing factual support, that Crestron had pre-suit knowledge of the patents constitutes grounds for dismissal.

## CONCLUSION

For the foregoing reasons, Crestron respectfully requests that the Court dismiss in their entirety Norman's claims of infringement with respect to the '689 patent for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).  In addition, with respect to both patents, Crestron respectfully requests that the Court dismiss Norman's claims for induced, contributory, joint, and willful infringement under FRCP 12(b)(6) for failure to state a claim.

Dated:    July 29, 2013                          Respectfully submitted,


                                                 /s/ William C. Bergmann
                                                 WILLIAM C. BERGMANN
                                                 Baker & Hostetler LLP
                                                 Washington Square, Suite 1100
                                                 1050 Connecticut Avenue, NW
                                                 Washington, DC 20036-5304
                                                 Telephone: (202) 861-1500
                                                 Facsimile: (202) 861- 1783
                                                 Email: wbergmann@bakerlaw.com

                                                 HARRY GILLAM
                                                 Gillam & Smith LLP
                                                 303 S. Washington Ave.
                                                 Marshall, TX 75670
                                                 Telephone: (903) 934-8450
                                                 Facsimile: (903) 934-9257
                                                 Email: gil@gillamsmithlaw.com

                                                 **ATTORNEYS FOR
                                                 DEFENDANT CRESTRON
                                                 ELECTRONICS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically via the Court's CM/ECF system in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(a)(3)(A).  Pursuant to Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing via email, on July 29, 2013.


<u>/s/ William C. Bergmann</u>
WILLIAM C. BERGMANN

17