IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NORMAN IP HOLDINGS, LLC,<br>Plaintiff,<br><br>vs.<br><br>TP-LINK TECHNOLOGIES, CO., ET AL.,<br>Defendants | Case No. 6:13-cv-384-JDL<br><br>LEAD CASE<br>JURY TRIAL DEMANDED |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion to Stay Litigation Pending Reexamination and *Inter Partes* Review (Doc. No. 190) ("MOTION"). Plaintiff, Norman IP Holdings, LLC ("Norman") did not respond. On October 7, 2014, the Court held a hearing on the Motion. Having fully considered the parties' arguments and for the reasons set forth herein, the Court **GRANTS** Defendant's Motion to stay. The stay is limited to the initial completion of IPR involving claim 6 of the '597 patent.

## BACKGROUND

Norman's complaint alleges ADTRAN infringes U.S. Patent Nos. 5,502,689 (the "'689 Patent"), 5,530,597 (the "'597 Patent"), and 5,592,555 (the "'555 Patent"). Specifically, Norman asserts claims 5 and 6 of the '689 Patent, claims 1-6, 10, and 11 of the '597 Patent, and claims 10, 12, and 51 of the '555 Patent against ADTRAN.

---

[1] Defendants ADTRAN, Inc. ("ADTRAN") and Denon Electronics (USA) LLC filed the present motion. TP-LINK USA Corporation originally joined the motion. While the motion was pending the Court granted two joint motions to dismiss, one for Denon and one for TP-LINK. (Doc. Nos. 195, 216) As such, ADTRAN is the only remaining defendant in this case.

Of the three patents asserted by Norman, there have been ten petitions for post-grant review. At the time of filing, six were awaiting action by the USPTO or Norman. In the four post-grant review proceedings that have concluded, a total of 33 separate claims from the asserted patents have been canceled.

On April 30, 2013, the USPTO issued a Final Rejection of claims 5, 6, and 9 of the '689 Patent. These claims are also the subject of a petition for *inter partes* review ("IPR") filed April 18, 2014.

The '597 Patent has been subject to multiple reexamination proceedings. In the first proceeding claims 1-5, 10, and 11 were canceled and claim 6 was confirmed. A second request for reexamination of the '597 patent was denied in light of the earlier reexamination. Claim 6 of the '597 patent is the subject of a current petition for IPR dated April 1, 2014. Norman has notified ADTRAN that the only products it accuses of infringement of the '597 Patent are licensed. *See* Letter to ADTRAN Regarding Accused Products, Ex. 9.

On January 23, 2014 the USPTO issued a final rejection of claim 51 of the '555 patent. Norman filed a notice of appeal on March 24, 2014 and its appeal brief on May 23, 2014. On July 10, 2014, Defendant filed the present motion. Defendant noted that asserted claims 10 and 12 were being challenged in a pending reexamination filed on May 14, 2014. On August 1, 2014, the USPTO issued an Office Action rejecting claims 10-12 of the '555 Patent. (Doc. No. 202).

The '555 Patent has been subject to two IPR proceedings. In the first, Norman voluntarily canceled claims 4, 6-9, 13-17, 20, 35-39, 42, 47-50, 53-57, and 60 after the USPTO Patent Trial and Appeals Board's ("PTAB") found that the petitioner was reasonably likely to

prevail on its petition. A second IPR petition challenging claims 10-12 was filed by Chrysler but was dropped on June 26, 2014.

In concurrent litigation, Norman alleged Nissan North America, Inc. ("Nissan") infringes the same asserted claims of the '689 and '597 patents. Nissan filed a petition for IPR as to claim 6 of the '597 patent and claims 5 and 6 of the '689 patent. On September 23, 2014 PTAB granted Nissan's petition for IPR as to the asserted claims in the '689 and '597 patents. During the October 7, 2014 hearing ADTRAN agreed, if the court granted a stay of the present litigation, "to be estopped as to invalidity contentions raised and adjudicated in the [Nissan] IPR proceedings." Motion Hr'g at 49:10 (Oct. 7, 2014). ADTRAN cited *Evolutionary Intelligence, LLC v. Sprint Nextel Corporation*, Case No. C-13-4513-RMW, 2014 WL 819277, at *5-6 (Feb. 28, 2014) as a model of the extent to which it agrees to be estopped.

|  | Asserted Claims | Status of Claims Subject to Reexamination | Claims Subject to Pending IPR Petition |
| --- | --- | --- | --- |
| '597 Patent | 1-6, 10, 11 | Canceled: 1-5, 10, 11 Confirmed: 6 | 6 (granted in IPR petition filed by Nissan) |
| '689 Patent | 5, 6 | Final Rejection: 5, 6 | 5, 6 (granted in petition filed by Nissan) |
| '555 Patent | 10, 12, 51 | Non-Final Rejection: 10, 12 Final Rejection: 51 | |

## **LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of

3

showing that such a course is appropriate. *See Landis v. N. Am. Co*., 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co*., 490 F.Supp.2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp*., No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.").

Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig*., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp*., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985).

In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

**DISCUSSION**

I.     **Undue Prejudice to Plaintiff**

Defendant argues that Norman will not suffer undue prejudice or disadvantage if the Court grants a stay because the case is in its early stages and little discovery has been conducted. ADTRAN points out that a reexamination request was filed and granted by the USPTO before the lawsuit was filed. Defendant further notes that the parties are still in the pleading stage of the case and the early stages of discovery. ADTRAN also argues that both the Plaintiff and Defendants will benefit from a stay of litigation because the USPTO has already rejected a number of the claims asserted against ADTRAN by Norman and that all of the asserted claims are undergoing reexamination or are subject to pending petitions for IPR. As such, the scope of the litigation may be narrowed by the time the administrative proceedings conclude. Thus, the potential for avoiding potentially moot discovery will benefit both parties. Second, ADTRAN argues that a stay likely will not delay trial. ADTRAN notes the statutory requirement that reexamination be conducted with "special dispatch" for patents involved in ongoing litigation, and that, if granted, the USPTO must issue a final determination in an IPR within one year, or within 18 months upon a showing of good cause.

Plaintiff did not respond to Defendant's motion prior to the October 7, 2014 hearing. During the hearing Norman argued that it would be unduly prejudiced by a stay because the administrative proceedings could cause a multi-year delay. Norman argued that during the stay evidence may be lost, witnesses may become unavailable, memories may fade, and Norman's experts may become unavailable. However, Norman's failure to respond to this motion in a timely manner belies its contention that a delay in the litigation would be prejudicial. Furthermore, Defendant's argument that staying the proceeding would benefit both parties is

5

convincing. At the time the motion was filed, litigation was in the early stages of pleading and discovery. Additionally, the PTO has already issued final rejections as to a number of the asserted claims, several defendants have been dismissed since the filing of this motion, and all the asserted claims are currently undergoing reexamination, IPR or are the subject of petitions for IPR. Allowing reexamination and IPR to proceed will conserve the time and resources of both parties. Limiting the stay to the culmination of the IPR proceedings will ensure that the stay is finite and not unduly prejudicial. Accordingly, the first factor weighs in favor of granting a stay that is limited to the duration of the initial IPR proceeding.

## II.   Simplification of the Issues

The second factor, whether a stay would simplify the issues in this case, weighs in favor of a stay. ADTRAN argues that a stay at is appropriate because reexamination and IPR of the three patents-in-suit will likely simplify the resolution of the case by narrowing or eliminating issues for trial. Furthermore, ADTRAN notes that the PTO has already rejected several of the asserted claims which will determine whether some or all of the claims subject to reexamination or IPR are invalid. Staying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal. Additionally, that ADTRAN has agreed to be estopped from asserting invalidity contentions raised and adjudicated in the Nissan IPR proceedings, further simplifies the issues in the present litigation. As such, the second factor weighs in favor of a stay.

## III.   Status of the Case

The third factor, whether discovery is complete and whether a trial date has been set, weighs in favor of a stay. "A case need not be in its infancy to warrant a stay. Courts often find

the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, No. Civ.A. No. 12-5680, 2014 WL 1202941, at *6 (E.D. Pa. Mar. 24, 2014). When the present motion was filed, the parties had not engaged in any substantive discovery, the parties' claim construction positions had not been submitted, and a *Markman* hearing was several months away. And although a trial date has been set for April 15, 2016, it was over twenty-one months away at the time of filing. Accordingly, the third factor weighs against a stay.

## ORDER

For the above reasons, ADTRAN's motion to stay the case (Doc. No. 190) is **GRANTED** pending the completion of the initial IPR proceeding as to claim 6 of the '597 patent filed by Nissan. As such, this action is **STAYED** and administratively **CLOSED** until the PTO has issued its final decisions on the *inter partes* review of claim 6 of the '597 Patent.

The Court **ORDERS** the parties to file a status report within ten days of issuance of the IPR decision of claim 6 of the '597 Patent. The parties may either file an agreed upon status report or individual motions which inform the court of the ruling of the IPR and how the parties would like to proceed with the case.

The Court **ORDERS** that ADTRAN, in accordance with its agreement during the October 14, 2014 hearing, is estopped from asserting invalidity contentions raised and adjudicated in the Nissan IPR proceedings.

**So ORDERED and SIGNED this 8th day of October, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE